IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVLON L., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No. 21 C 0442 |
| | ) |
| KILOLO KIJAKAZI, Acting | )   Magistrate Judge Finnegan |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Devlon L. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff protectively applied for SSI on January 4, 2019, alleging that he has been disabled since May 1, 2011 due to bipolar disorder and schizophrenia. (R. 174, 191). Born in 1992, Plaintiff was 26 years old at the time of the application and has always been a younger person (under age 50). (R. 174); 20 C.F.R. § 416.963(c). He completed the

---

[1]     Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She is automatically substituted as the named defendant pursuant to Fed. R. Civ. P. 25(d).

11th grade, lives with his mother, and has never engaged in any substantial gainful activity. (R. 61, 191-92).

The Social Security Administration denied Plaintiff's application initially on May 29, 2019, and again upon reconsideration on November 7, 2019. (R. 89-109). Plaintiff filed a timely request for a hearing and appeared before administrative law judge Bill Laskaris (the "ALJ") on May 14, 2020. (R. 51). The ALJ heard testimony from Plaintiff, who was represented by counsel, from Plaintiff's mother, and from vocational expert Jacqueline Bethell (the "VE"). (R. 53-88). On July 6, 2020, the ALJ found that Plaintiff's schizophrenia, cannabis use disorder, obsessive-compulsive disorder, and bipolar disorder are severe impairments, but that they do not alone or in combination meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 38-40). After reviewing the evidence, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with several non-exertional limitations. Specifically, Plaintiff: can perform simple, routine, repetitive tasks; must work in an environment free of fast-paced production requirements; can perform work involving only simple, work-related decisions; must work with few, if any, workplace changes; must have no interaction with the public; can have only brief and superficial interaction with co-workers and supervisors; and cannot perform tandem work. (R. 40-44).

The ALJ accepted the VE's testimony that a person with Plaintiff's background and this RFC could perform a significant number of jobs available in the national economy, including Cleaner II, Laundry Worker II, and Sweeper/Cleaner. (R. 45-46). As a result, the ALJ concluded that Plaintiff was not disabled at any time from the May 1, 2011 alleged

disability onset date through the date of the decision. (R. 46). The Appeals Council denied Plaintiff's request for review on November 23, 2020. (R. 1-5). That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. §§ 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009); *Payne v. Colvin*, 216 F. Supp. 3d 876, 880 (N.D. Ill. 2016).

In support of his request for reversal or remand, Plaintiff argues that the ALJ erred in evaluating the opinion from state agency reviewer Thomas Low, Ph.D., resulting in a flawed RFC assessment and an incomplete hypothetical question posed to the VE that did not fairly account for Plaintiff's moderate limitations in concentration, persistence, or pace. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of these issues.

## **DISCUSSION**

### A. Standard of Review

Judicial review of the Commissioner's final decision is authorized by the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). In reviewing this decision, the Court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "'displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations.'" *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). *See also L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1151-52 (7th Cir. 2019). The Court "will reverse an ALJ's determination only when it is not supported by substantial evidence, meaning 'such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion.'" *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2013); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

In making its determination, the Court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to her conclusion that the claimant is not disabled." *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). The ALJ need not, however, "'provide a complete written evaluation of every piece of testimony and evidence.'" *Pepper*, 712 F.3d at 362 (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted)). When the ALJ's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

**B.     Five-Step Inquiry**

To recover SSI, a claimant must establish that he is disabled within the meaning of the Social Security Act. *Shewmake v. Colvin*, No. 15 C 6734, 2016 WL 6948380, at *1 (N.D. Ill. Nov. 28, 2016). A claimant is disabled if he is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves considering whether: "(1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as

4

being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021). *See also Melvin J. v. Kijakazi*, No. 20 C 3284, 2022 WL 2952819, at *2 (N.D. Ill. July 26, 2022) (citing 20 C.F.R. § 416.920(a)). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Butler*, 4 F.4th at 501.

**C.     Analysis**

Plaintiff argues that the case must be reversed or remanded because the ALJ failed to address the opinion from state agency reviewer Dr. Thomas Low, which led to a flawed RFC determination that did not adequately account for his moderate limitations in concentration, persistence, or pace ("CPP"). This Court agrees. A claimant's RFC is the maximum work that he can perform despite any limitations. 20 C.F.R. § 416.945(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Anna-Marie L. v. Kijakazi*, No. 21 C 50354, 2022 WL 4610120, at *2 (N.D. Ill. Sept. 30, 2022). "Both the RFC assessment and the hypothetical question posed to the [VE] must include all of a claimant's limitations supported by the medical record," including "temperamental deficiencies and limitations in" CPP. *Joshua J. H. v. Kijakazi*, No. 21 C 837, 2022 WL 2905673, at *2 (N.D. Ill. July 22, 2022); *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018); *Lanigan v. Berryhill*, 865 F.3d 558, 563, 565 (7th Cir. 2017).

Plaintiff has been diagnosed with several mental impairments, including schizophrenia, cannabis use disorder, obsessive compulsive disorder, and bipolar disorder. (R. 41, 280). Between August and November 27, 2018, Plaintiff was hospitalized four times due to auditory hallucinations telling him to shoot or stab his mother, and obsessive washing of his hands. (R. 41, 290). Plaintiff had taken some synthetic marijuana around that time and was noncompliant with his medications. (R. 41, 290-91). From January through August 2019, Plaintiff received regular Invega injections but his mother reported that she had to "sneak and give him [his] Hydroxyzine because he will not take it." (R. 42-43, 281, 283, 463, 465, 467, 469, 472, 474). Plaintiff routinely presented with a depressed mood, sad affect, and slowed speech throughout that time, though his thought process was generally logical and goal-directed. (*Id.*). In February and March 2020, Plaintiff started complaining again about auditory hallucinations. (R. 43, 499-500).

On November 6, 2019, Dr. Low evaluated Plaintiff's functioning at the reconsideration level of review. Whereas Russell Taylor, Ph.D. found at the initial level that Plaintiff has no severe psychiatric impairments at all (R. 92-93), Dr. Low concluded that Plaintiff's schizophrenia, bipolar disorder, and obsessive-compulsive disorder are severe in combination and cause mild limitations in understanding, remembering, or applying oneself, mild limitations in interacting with others, moderate limitations in concentrating, persisting, or maintaining pace, and moderate limitations in adapting or managing oneself. (R. 103). In the check-box section of his opinion, Dr. Low indicated that Plaintiff is moderately limited in the ability to: carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule,

6

maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; and set realistic goals or make plans independently of others. (R. 106-07). Dr. Low explained in the narrative section of the opinion that Plaintiff "has motivation problems but can focus well enough to follow very simple 1 and 2 step directions." (R. 106). Plaintiff also has "problems planning his work but can follow simple directions others provide him." (R. 107).

Since Plaintiff filed his claim in January 2019, the treating source rule used for claims filed before March 27, 2017 does not apply. This means the ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion. 20 C.F.R. § 416.920c(a). *See also* Social Security Administration, Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819 (Jan. 18, 2017). Instead, the ALJ was required to "evaluate the persuasiveness of each medical opinion based on certain factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other evidence in the claim or an understanding of Social Security disability policies and requirements." *Michelle D. v. Kijakazi*, No. 21 C 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022). *See also* 20 C.F.R. § 416.920c(c)(1)-(5)). An ALJ must explain how he considered the first two factors (supportability and consistency) and may but is not required to explain his consideration of the other factors. 20 C.F.R. § 416.920c(b)(2). "Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source

7

support the opinion." *Michelle D.*, 2022 WL 972280, at *4; 20 C.F.R. § 416.920c(c)(1)). "Consistency assesses how a medical opinion squares with other evidence in the record." *Id. See also* 20 C.F.R. § 416.920c(c)(2)).

In rejecting Dr. Low's opinion, the ALJ did not address any of his specific findings or provide a reasoned explanation for discounting them. Instead, the ALJ stated in conclusory fashion that the opinions from both state psychological consultants "are not persuasive as additional evidence submitted at the hearing level indicates that [Plaintiff's] mental impairments are more severe than originally thought." (R. 44). This is insufficient to allow the Court to trace the ALJ's reasoning as to whether Dr. Low's opinion was supported by the objective medical evidence and consistent with other evidence in the record. *Wilder v. Kijakazi*, 22 F.4th 644, 651 (7th Cir. 2022) (quoting *Butler*, 4 F.4th at 501) (an ALJ "must provide a 'logical bridge' between the evidence and his conclusions.").

The Commissioner argues that any error the ALJ made in this regard is harmless because Plaintiff "would still be found not disabled even if the ALJ had adopted Dr. Low's opinion in its entirety." (Doc. 25, at 8-9). In making this argument, the Commissioner omits any reference to the check-box section of moderate limitations identified by Dr. Low and imagines a hypothetical question to the VE based solely on his narrative explanation: a restriction to "very simple 1 and 2 step directions" and "simple directions others provide." The Commissioner notes that under the Dictionary of Occupational Titles, an ability to "apply commonsense understanding to carry out simple one- or two-step instructions" allows for work at a Reasoning Development Level of 1. (*Id.* at 9). *See Schlattman v. Colvin*, No. 12 C 10422, 2014 WL 185009, at *7 (N.D. Ill. Jan. 14, 2014). Since the Sweeper/Cleaner position identified by the VE at step 5 of the analysis has a reasoning

8

level of one, and there are 22,000 such jobs available in the national economy, the Commissioner claims that the ALJ's step five conclusion that Plaintiff can perform this job "withstands scrutiny." (Doc. 25, at 9) (citing R. 45, 85). The Commissioner also states, without citation, that Plaintiff's difficulties planning his work are adequately accommodated with a restriction to: simple, work-related decisions; no fast paced production requirements; few if any workplace changes; and brief and superficial interaction with supervisors. (*Id.* at 10).

Even assuming that Plaintiff could perform the Sweeper/Cleaner job with a restriction to 1 and 2 step directions as set forth in the narrative section of Dr. Low's opinion, this would not demonstrate that the ALJ's RFC (and the corresponding hypothetical questions posed to the VE) adequately account for all of Plaintiff's moderate limitations in: maintaining attention and concentration for extended periods; performing activities within a schedule; maintaining regular attendance and being punctual within customary tolerances; completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; and setting realistic goals or making plans independently of others. The Seventh Circuit has found that while an ALJ may rely on a narrative explanation, he may not ignore "specific questions raised in check-box sections of standardized forms" and must "adequately account for th[os]e limitations." *DeCamp*, 916 F.3d at 676 (reversing where the ALJ "focused her analysis on the doctors' bottom-line conclusion that DeCamp was not precluded from working without giving the vocational expert any basis to evaluate *all* DeCamp's impairments, including those in concentration, persistence, and pace.") (emphasis in original).

9

Here, the ALJ agreed that Plaintiff suffers from moderate limitations in CPP, interacting with others, and adapting or managing himself (R. 39), but did not acknowledge any of the related limitations set forth in Dr. Low's check-box form; to the contrary, the ALJ rejected the entire opinion without reasonable explanation. Moreover, no physician of record opined that Plaintiff's moderate limitations in CPP are properly captured by an RFC for simple, routine, and repetitive work that is free of fast-paced production requirements and involves limited interaction with others as found by the ALJ. *See DeCamp*, 916 F.3d at 676 (quoting *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014)) ("An ALJ need not use 'specific terminology,' but we have 'repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace."). *Compare Recha v. Saul*, 843 F. App'x 1, 4 (7th Cir. 2021) (ALJ properly relied on state agency opinions that the plaintiff could maintain attention for 2 hours at a time and persist at simple tasks over 8- and 40-hour periods); *Lockett v. Saul*, 834 F. App'x 236, 239 (7th Cir. 2020) (no error where the ALJ relied on medical expert testimony that the plaintiff could perform in a "simple, repetitive, routine work environment."); *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019) (ALJ fairly relied on state agency consultant's opinion that the plaintiff had the "ability to understand, remember and carry out simple instructions subject to physical limitations," that "maintaining concentration and attention should be manageable" and that she "should be able to withstand routine work stress and adapt to typical job site changes.").

Viewing the record as a whole, the ALJ failed to provide a reasoned explanation for discounting Dr. Low's opinion and made a flawed RFC determination that does not

properly account for Plaintiff's moderate limitations in concentration, persistence, or pace. The Commissioner may believe that both the VE and the ALJ would have reached the same conclusions had Dr. Low's opinion been adopted in full, but "[t]he court may not uphold an ALJ's decision based on post hoc speculation." *Gary R. v. Kijakazi*, No. 20 C 6109, 2022 WL 4607581, at *13 (N.D. Ill. Sept. 30, 2022).

## **CONCLUSION**

For reasons stated above, Plaintiff's Motion for Summary Judgment [20] is granted, and Defendant's Motion for Summary Judgment [24] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: March 2, 2023

_____
SHEILA FINNEGAN
United States Magistrate Judge

11